[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant was the principal of Hall High School, part of the public school system of West Hartford, at the time the plaintiff was assaulted by another student during a school program. The plaintiff claims the defendant was negligent in supervising the event. The defendant moves for summary judgment on the basis that he was performing a public governmental duty and that his actions were discretionary and thus insulated from CT Page 4345 suit. The court agrees.
The defendant's function as principal of the high school was as agent of the board of education in carrying out its public purpose to provide educational activities for the students, including afterschool programs such as the one alleged by the plaintiff. The court concludes as a matter of law that this constituted a public not a private duty. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170-171 (1988). That conclusion leads the court to consideration of the question whether the alleged acts of the defendant were discretionary or ministerial in nature. This is a factual question. Id., 180. Reading the pleadings and the material submitted in connection with this motion in a way most favorable to the plaintiff, the court concludes that the acts complained of were discretionary in nature. There is nothing before the court to suggest any real conflict on this issue. The common thread in all of the allegations of negligence is that the defendant failed to supervise the event adequately. Supervision calls for judgment and that is the essence of discretionary activity. Evon v. Andrews, 211 Conn. 501 (1989).
The plaintiff next claims that his complaint comes within the exception to the general rule, of governmental immunity for employees engaged in discretionary activities where the circumstances make it apparent to the official that his negligence would subject an identifiable person to imminent harm. See Sestito v. Groton, 178 Conn. 520 (1979). However, there is not a trace of evidence before the court nor any allegation in the complaint that would support such a finding. There is not even the allegation that the defendant was present at the scene of the assault, in contrast with the facts of the Sestito case.
The court concludes that the defendant was a municipal official engaged in the performance of a public duty and in a discretionary manner. He is thus immune from suit. His motion for summary judgment is, therefore, granted.
MALONEY, J.